

# THE ATTORNEY GENERAL
## OF TEXAS

February 24, 1989

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Benjamin Euresti, Jr.
Cameron County Attorney
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

Opinion No. JM-1021

Re: Whether a county may condition receipt of assistance under the Indigent Health Care Act on an applicant's furnishing a social security number (RQ-1539)

Dear Mr. Euresti:

You ask whether a county may deny assistance under the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., if an applicant does not have a social security number.

It has been suggested that federal law would not permit a political subdivision to deny health-care benefits because of an applicant's failure to provide a social security number. Section 7 of the federal Privacy Act of 1974 provides:

> (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

> (2) the provisions of paragraph (1) of this subsection shall not apply with respect to --

> (A) any disclosure which is required by Federal statute, or

> (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating

> before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
>
> (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

Public Law 93-579, § 7 (reprinted at 5 U.S.C. § 552a, note). A 1976 amendment to the Social Security Act, however, made an additional exception to the prohibition set out in section 7(a)(1) of the federal Privacy Act:

> (i) It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.
>
> . . . .
>
> (iii) For purposes of clause (i) of this subparagraph, an agency of a State (or political subdivision thereof) charged with the administration of any general public assistance, driver's license, or motor vehicle registration law which did not use the social security account number for identification under a law or regulation adopted before January 1, 1975, may require an individual to disclose his or her social security number to such agency solely for the

> purpose of administering the laws referred to
> in clause (i) above.

42 U.S.C. § 405(c)(2)(C)(i) and (iii)(emphasis added).  See
generally Doyle v. Wilson, 529 F.Supp. 1343 (D. Del.  1982).
Although we find  no cases that  construe the term  "general
public assistance," we  think that  an indigent  health-care
program would  come within  that category.   Therefore,  the
federal Privacy Act would not prohibit a state or  political
subdivision from  requiring  an applicant  to  disclose  his
social security number.

     We do not, however, interpret the Indigent Health  Care
and Treatment  Act as  making assistance  contingent on  the
provision of a social security number.  That act requires  a
county to provide health care  to indigent residents of  the
county who are not residents of the area a hospital district
or public  hospital has  an obligation  to serve.   V.T.C.S.
art. 4438f, § 2.02.   The Department of  Human Resources  is
required to establish eligibility standards and application,
documentation, and verification  procedures for counties  to
use  in  determining  eligibility  under  the  act.     Id.
§ 1.06(a).  The rules of  the Department of Human  Resources
relating to  the  application and  documentation  procedures
must require each applicant  to provide certain  information
including  "the  applicant's  social  security  number,  if
available."  Id.   § 1.06(c)(2).  We  think the  phrase  "if
available" makes clear that an applicant who does not have a
social security number  is not  required to  provide one  in
order to receive assistance  under the Indigent Health  Care
and Treatment Act.[1]

     You suggest,  however,  that a  county  must condition
assistance on  the  receipt  of  a  social  security  number
because the act "indicat[es]  that the Indigent Health  Care
program is  to  follow  standards  and  procedures  used  to
determine eligibility  in the  AFDC-Medicaid program."   You
then argue that because federal law requires applicants  for
AFDC  to  provide  social  security  numbers,  see  42 U.S.C.
§§ 602(a)(25), 1320b-7, applicants for assistance under  the

---

     1.  Your letter indicates that you are concerned  about
individuals who have no  social security number rather  than
individuals who have a social security number but refuse  to
provide it.   Therefore, we  consider the  meaning  of  the
phrase "if available" only in the context of individuals who
do not have social security numbers.

Indigent Health Care and Treatment Act must be required to provide social security numbers.

We disagree with your argument. We note first that the act requires the Department of Human Services -- not counties -- to set eligibility standards and application procedures "in accordance with" department rules relating to the AFDC-Medicaid program. V.T.C.S. art. 4438f, § 1.06(a). In any event, although the Department of Human Services is to look to AFDC-Medicaid standards to fill the gaps in the Indigent Health Care and Treatment Act, it may not rely on those standards to adopt rules that are inconsistent with specific provisions of the Indigent Health Care and Treatment Act. See Bexar County Bail Bond Bd. v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ) (administrative agencies may not adopt rules inconsistent with statutory provisions). The Indigent Health Care and Treatment Act specifically provides that an applicant must provide a social security number if it is available. Therefore, the provisions in the Indigent Health Care and Treatment Act that refer to AFDC-Medicaid standards do not permit the Department of Human Services to enact rules that would deny assistance under the Indigent Health Care and Treatment Act to an applicant who does not have a social security number.

A county may adopt its own eligibility standards and application procedures, but only if the county's standards and procedures are less strict than those of the Department of Human Services. V.T.C.S. art. 4438f, § 1.06(h); see also id. § 2.04(b). Because the Department of Human Services has no authority to promulgate a rule requiring applicants who do not have a social security number to provide one, a county may not adopt such a requirement, since such a requirement would be stricter than Department of Human Services standards.

Although you ask about social security numbers, your letter indicates that you are concerned about the provision of indigent health care to illegal or undocumented aliens who are residents of Cameron County. Any person who seeks county assistance under the Indigent Health Care and Treatment Act must show that he is a resident of the county. See id. § 1.03 (setting out factors to be considered in determining residency under the Indigent Health Care and Treatment Act). A residency requirement does not preclude an alien from receiving state services. Attorney General Opinion JM-962 (1988). See generally St. Joseph's Hosp. and Medical Center v. Maricopa County, 688 P.2d 986 (Ariz. 1984) (undocumented alien may be a resident of county for purpose

of receiving medical assistance under state indigent health care statute).  A tape of a floor discussion of the Indigent Health Care and Treatment Act indicates that the legislature did not intend illegal aliens  to be excluded from  coverage under the  act if  they met  the residency  and  eligibility requirements.  Debate on S.B. 1  on Floor of the House  69th Leg., 1st  C.S. (May  29,  1985) (tape  recording  available through House Hearing Reporter).

## S U M M A R Y

A county may  not deny assistance  under the Indigent Health  Care and Treatment  Act, article 4438f, V.T.C.S., because an applicant does not have a social security number.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General